UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
HARRY TRES MEYER,                          :
                                                      Case No. 07 Civ. 5466 (KMK)

                     Plaintiff,     :

           - against -                        :

CARDEAN LEARNING GROUP LLC,   :

                     Defendant.   :
------------------------------------------------------X

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Cardean Learning Group LLC ("Defendant" or "Cardean") hereby files its Answer and Affirmative Defenses to Plaintiffs' Complaint, stating as follows:

## AFFIRMATIVE DEFENSES

1.

Plaintiff's claims are barred to the extent that his Complaint fails to state a claim upon which relief can be granted.

2.

Plaintiff's claims are barred by his own breach of the alleged contract under dispute.

3.

Defendant asserts a defense based upon the doctrine of set-off.

4.

Plaintiff's claims are barred to the extent that he has failed to mitigate or reasonably attempt to mitigate his damages as required by law.

5.

Plaintiff's claims are barred by his failure to satisfy conditions precedent to the existence of the alleged underlying contract.

6.

Plaintiff's claims for damages are prohibited or limited due to the doctrine of after-acquired evidence.

7.

Plaintiff's claims are barred in whole or in part by the doctrines of laches, release, waiver, estoppel, unclean hands and/or ratification.

8.

Plaintiff's claims are barred to the extent that he has failed to mitigate or reasonably attempt to mitigate his damages as required by law.

9.

Defendant reserves the right to assert additional defenses to Plaintiff's Complaint if and when it becomes apparent to do so. Defendant alleges that Plaintiff's Complaint is frivolous and, after due process, should be dismissed. Defendant further requests an award of reasonable attorney fees.

## ANSWER

With respect to the allegations set forth in the Verified Complaint of Plaintiff Harry Tres Meyer, Cardean hereby answers said allegations in the same paragraph numbered order as the allegations therein appear as follows:

1. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations contained in this paragraph and therefore denies such allegations.

2. Admitted.

3. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations contained in this paragraph and therefore denies such allegations.

4. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations contained in this paragraph and therefore denies such allegations.

5. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations contained in this paragraph and therefore denies such allegations.

6. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations contained in this paragraph and therefore denies such allegations.

7. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations contained in this paragraph and therefore denies such allegations.

8. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations contained in this paragraph and therefore denies such allegations.

9. Admitted that the Agreement attached as Exhibit "C" is the Agreement entered into between Tres Meyer and Cardean. The terms of the Agreement speak for themselves. Denied as to any remaining allegations.

10. Admitted that the Agreement included a severance clause. The terms of the Agreement speak for themselves. Denied as to any remaining allegations. By way of further answer, Defendant denies that Plaintiff is entitled to a twelve month acceleration of his options vesting if he resigned for good reason.

11. Admitted that Plaintiff accepted the Agreement and began working for Defendant on a full-time basis, initially reporting to Cathleen Rafaelli. Denied as to any remaining allegations.

12. Admitted that Ms. Raffaelli's employment with Defendant ended, and that Ted Sanders became the President of Cardean. Denied as to any remaining allegations.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted that Plaintiff resigned and submitted a demand for severance. Denied as to any remaining allegations.

19. Denied.

20. Admitted.

21. Denied.

22. Denied.

23.  Denied.

24-26. These claims contained in the Second Cause of Action have been voluntarily dismissed, with prejudice, by Plaintiff. Denied.

Defendant further denies any allegations contained in the unnumbered WHEREFORE paragraph following paragraph 26, and denies that Plaintiff is entitled to any award of damages or other relief against Defendant.

Dated: New York, New York
       July 13, 2007

                                    Respectfully submitted,

                                    **GREENBERG TRAURIG, LLP**

                            By:     _____
                                    Neil A. Capobianco (NC-5262)

                                    200 Park Avenue
                                    New York, New York  10166
                                    (212) 801-9200

                                    *Attorneys for Defendant*
                                    *Cardean Learning Group LLC*